IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| KATE BOWGREN, | ) |
| | ) Case No. 3:17-cv-50092 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HW TRANSPORT LLC, RANDOLPH | ) |
| JAMES MULHOLLAND, and DOES | ) |
| 1-10, Inclusive, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Kate Bowgren, by and through her attorneys, Levinson and Stefani, and complaining of the Defendants, HW Transport LLC ("HW"), Randolph James Mulholland ("Mulholland"), and Does 1-10 ("Does"), states as follows:

### I. JURISDICTION AND VENUE

1. The Plaintiff, Kate Bowgren, is a resident of the State of Illinois.

2. Defendant HW is and was at all relevant times herein, a Michigan domestic limited liability company with a registered address at 7175 Kendalville Road, Lakeview, MI 48850.

3. Defendant Mulholland is and was at all relevant times herein a resident and citizen of the State of Michigan.

4. Upon information and belief, Does 1-10 are residents and citizens of the State of Michigan, or in the alternative, not residents of the State of Illinois.

5. Jurisdiction is proper under 28 U.S.C. § 1332, as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum or value of $75,000.00.

6. This court has pendent jurisdiction over all state claims presented herein pursuant to 28 U.S.C. § 1367.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## II. Facts Common to All Counts

8. This is a "wheel-off" case arising when, on March 27, 2015, the wheel of HW's truck dislocated from the truck and subsequently struck Plaintiff Bowgren's vehicle causing her injury.

9. The "wheel-off" occurred on southbound Highway I-39 near milepost 104 in the Township of Lynnville, County of Ogle, State of Illinois.

10. At all relevant times herein, HW held a USDOT number of 2518173.

11. At all relevant times herein, Mulholland was the operator of an International brand tractor (plate number MI RB13531) hauling a trailer with Michigan registration number B698485 (collectively, the "Tractor Trailer").

12. At all relevant times here, HW was the owner or lessee of the Tractor Trailer.

13. The Tractor Trailer was, in total, 80 feet long.

14. At all relevant times herein, Mulholland was an employee or agent of HW.

15. At all relevant times here, Bowgren was operating her vehicle northbound on Highway I-39 near milepost 104 in the Township of Lynnville, County of Ogle, State of Illinois.

16. The true names of Defendants, Does 1-10, are unknown to Plaintiff at this time. Each

Defendant Doe 1-10 did, upon information and belief, perform service and/or maintenance on the Tractor Trailer and its component parts, including the wheel(s), in Michigan, on or prior to March 27, 2015. Plaintiff believes that information obtained in discovery will lead to the identification of each Doe Defendant and will permit Plaintiff or Defendants to amend this Complaint to so state. Plaintiff additionally contends that the identification of Does 1-10 may lead to the identification of additional defendants.

17. At all relevant times herein, Bowgren was in the exercise of all due care for her own safety.

**COUNT I:     Negligence against HW**

18. The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

19. At said time and place, it was the duty of the Defendant, HW, to own, operate, maintain, and control the Tractor Trailer in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Kate Bowgren.

20. Notwithstanding the foregoing duties, the Defendant, HW, by and through its agent, Mulholland, did own, operate, maintain, and control the Tractor Trailer in a dangerous and negligent manner in one or more of the following ways:
    a. operating the Tractor Trailer when it was known or should have been known that one or more wheels were not properly functioning and/or secured;
    b. permitted operation of the Tractor Trailer while Mulholland was distracted;
    c. failed to slow or stop the Tractor Trailer when danger to the Plaintiff was imminent;
    d. failed to slow or stop the Tractor Trailer when it was known or should have been known that the Tractor Trailer was not safe to operate;
    e. operated the Tractor Trailer at a speed too great for conditions prevailing;
    f. operated the Tractor Trailer while it was not in proper operating condition;
    g. failed to properly inspect the Tractor Trailer, including the wheels and

      component parts, before operating the Tractor Trailer;

  h. failed to properly maintain the Tractor Trailer, including but not limited to wheels and their component parts;

  i. failed to utilize qualified, competent maintenance services for the Tractor Trailer and its component parts, including the wheels; and,

  j. failed to properly and reasonably train employees and agents, including the driver, Mulholland.

21. As direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Tractor Trailer disengaged from the Tractor Trailer and violently collide with Plaintiff's vehicle, and as a result thereof, the Plaintiff did suffer the following present and future loss and damage:
    a. bodily injury;
    b. pain and suffering;
    c. mental suffering;
    d. medical expenses;
    e. loss of earnings and injury to earning capacity; and
    f. disability and loss of normal life.

WHEREFORE, the Plaintiff, Kate Bowgren, prays for judgment against the Defendant, HW, in an amount in excess of seventy-five thousand dollars ($75,000.00) and costs.

**Count II:	Negligence against Mullholland**

22. The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

23. At said time and place, it was the duty of the Defendant, Mullholland, to operate, maintain, and control the Tractor Trailer in a manner so as not to negligently cause injury to persons lawfully on the public way, including the Plaintiff, Kate Bowgren.

24. Notwithstanding the foregoing duties, the Defendant, Mulholland, did operate,

maintain, and control the Tractor Trailer in a dangerous and negligent manner in one or more of the following ways:
  a. operated the Tractor Trailer when it was known or should have been known that one or more wheels were not properly functioning and/or secured;
  b. operated of the Tractor Trailer while distracted;
  c. failed to slow or stop the Tractor Trailer when danger to the Plaintiff was imminent;
  d. failed to slow or stop the Tractor Trailer when it was known or should have been known that the Tractor Trailer was not safe to operate;
  e. operated the Tractor Trailer at a speed too great for conditions prevailing;
  f. operated the Tractor Trailer while it was not in proper operating condition;
  g. failed to properly inspect the Tractor Trailer, including the wheels and component parts, before operating the Tractor Trailer;
  h. failed to properly maintain the Tractor Trailer, including but not limited to wheels and their component parts;
  i. failed to utilize qualified, competent maintenance services for the Tractor Trailer and its component parts, including the wheels; and,
  j. failed to adhere to establish rules, policies, and procedures regarding safe operation of the Tractor Trailer.

25. As direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Tractor Trailer disengaged from the Tractor Trailer and violently collide with Plaintiff's vehicle, and as a result thereof, the Plaintiff did suffer the following present and future loss and damage:
  a. bodily injury;
  b. pain and suffering;
  c. mental suffering;
  d. medical expenses;
  e. loss of earnings and injury to earning capacity; and
  f. disability and loss of normal life.

WHEREFORE, the Plaintiff, Kate Bowgren, prays for judgment against the

Defendant, Mulholland, in an amount in excess of seventy-five thousand dollars ($75,000.00) and costs.

## COUNT III: Negligence against Does 1-10

26. The Plaintiff hereby adopts and re-alleges paragraphs 1-17 as though fully set forth herein.

27. At said time and place, it was the duty of the Defendants, Does 1-10, to provide service and maintenance to HW and/or the Tractor Trailer in a manner so as not to negligently cause injury to third persons including the Plaintiff, Kate Bowgren.

28. Notwithstanding the foregoing duties, the Defendants, Does 1-10, individually or by and through an agent, did breach said duties in one or more of the following ways:
    a. failed to provide competent service and/or maintenance to the Tractor Trailer, including its wheel(s);
    b. negligently removed a wheel or wheels from the Tractor Trailer;
    c. negligently re-attached a wheel or wheels from the Tractor Trailer;
    d. failed to check, or properly check, the torque of all wheels on the Tractor Trailer before releasing the Tractor Trailer to HW or its agent;
    e. failed to re-check, or properly re-check, the torque of all wheels on the Tractor Trailer before releasing the Tractor Trailer to HW or its agent, as is customary; and
    f. failed to warn HW or its agents of maintenance issues, defects, or other problems pertaining to the Tractor Trailer, but in particular a wheel or wheels of the Tractor Trailer.

29. As direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Tractor Trailer disengaged from the Tractor Trailer and violently collide with Plaintiff's vehicle, and as a result thereof, the Plaintiff did suffer the following present and future loss and damage:
    a. bodily injury;
    b. pain and suffering;

    c. mental suffering;
    d. medical expenses;
    e. loss of earnings and injury to earning capacity; and
    f. disability and loss of normal life.

WHEREFORE, the Plaintiff, Kate Bowgren, prays for judgment against the Defendants, Does 1-10, in an amount in excess of seventy-five thousand dollars ($75,000.00) and costs.

**Count IV:    Res Ipsa Loquitur Against HW**

30. The Plaintiff hereby adopts and re-alleges paragraphs 1-29 as though fully set forth herein.

31. At all relevant times herein, the Tractor Trailer was in the exclusive care of HW agents and employees.

32. On or about March 27, 2015, Mulholland was operating the Tractor Trailer.

33. On or about March 27, 2015, a wheel from the Tractor Trailer disengaged from the Tractor Trailer and struck Plaintiff's vehicle.

34. The disengagement of a wheel part from a truck such as the Tractor Trailer, and the injuries to Plaintiff as a result therefrom, does not ordinarily occur in the absence of negligence.

35. Plaintiff's injuries due to being struck by the disengaged wheel of the Tractor Trailer was not due to any voluntary act of negligence or any other voluntary act on the part of the Plaintiff.

36. As direct and proximate result of one or more of the foregoing acts of negligence, a wheel from the Tractor Trailer disengaged from the Tractor Trailer and violently collide with Plaintiff's vehicle, and as a result thereof, the Plaintiff did suffer the

following present and future loss and damage:
- a. bodily injury;
- b. pain and suffering;
- c. mental suffering;
- d. medical expenses;
- e. loss of earnings and injury to earning capacity; and
- f. disability and loss of normal life.

WHEREFORE, the Plaintiff, Kate Bowgren, prays for judgment against the Defendant, HW, in an amount in excess of seventy-five thousand dollars ($75,000.00) and costs.

## COUNT V: Res Ipsa Loquitur Against Does 1-10

37. The Plaintiff hereby adopts and re-alleges paragraphs 1-29 as though fully set forth herein.

38. At all relevant times herein, the Tractor Trailer was in the exclusive care of Does 1-10.

39. On or about March 27, 2015, Mulholland was operating the Tractor Trailer.

40. On or about March 27, 2015, a wheel from the Tractor Trailer disengaged from the Tractor Trailer and struck Plaintiff's vehicle.

41. The disengagement of a wheel part from a truck such as the Tractor Trailer, and the injuries to Plaintiff as a result therefrom, does not ordinarily occur in the absence of negligence.

42. Plaintiff's injuries due to being struck by the disengaged wheel of the Tractor Trailer was not due to any voluntary act of negligence or any other voluntary act on the part of the Plaintiff.

43. As direct and proximate result of one or more of the foregoing acts of negligence, a

wheel from the Tractor Trailer disengaged from the Tractor Trailer and violently collide with Plaintiff's vehicle, and as a result thereof, the Plaintiff did suffer the following present and future loss and damage:

a. bodily injury;
b. pain and suffering;
c. mental suffering;
d. medical expenses;
e. loss of earnings and injury to earning capacity; and
f. disability and loss of normal life.

WHEREFORE, the Plaintiff, Kate Bowgren, prays for judgment against the Defendant, Does 1-10, in an amount in excess of seventy-five thousand dollars ($75,000.00) and costs.

Respectfully submitted,

By: /s/**Brett A. Manchel**

LEVINSON AND STEFANI
Attorneys for Plaintiff
230 W. Monroe St. Ste. 2210
Chicago, Illinois 60606
(312) 376-3812
P: (312) 376-3812
E: brett@levinsonstefani.com
ARDC # 6309601